1
2
3
4
5
6
7

**IN THE UNITED STATES DISTRICT COURT FOR
THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE**

| | |
|---|---|
| RAQUEL MARTINEZ DIAZ and VIACHESLAV POLIAKOV,<br><br>Plaintiffs,<br>v.<br><br>UNITED STATES IMMIGRATION AND CUSTOMS ENFORCEMENT; RONALD D. VITIELLO, Deputy Director and Acting Director of U.S. Immigration and Customs Enforcement; UNITED STATES DEPARTMENT OF HOMELAND SECURITY; KIRSTJEN NIELSEN, Secretary of Homeland Security of the United States Department of Homeland Security; CYNTHIA MUNITA, Director of the Seattle Field Office of U.S. Immigration and Customs Enforcement; BRYAN S. WILCOX, Seattle Field Office Director of U.S. Immigration and Customs Enforcement; WILLIAM PENALOZA, Assistant Field Office Director, Seattle Field Office of U.S. Immigration and Customs Enforcement, and DOES 1 – 10.<br><br>Defendants. | NO.<br><br><br><br>COMPLAINT FOR INJUNCTIVE AND DECLARATORY RELIEF |

COMPLAINT FOR INJUNCTIVE AND DECLARATORY RELIEF

Page 1

Y. Junga Subedar
P.O. Box 2444, Bellingham, WA 98227
Tel: 360-734-0217, Email: whatcomcivilrights@gmail.com

Edward S. Alexander
Law Office of Edward S. Alexander, P.S.
114 W. Magnolia, Ste. 400, Bellingham, WA 98229
Tel: 360-392-2872, Email:Edward@ESALawOffice.com

# I – INTRODUCTION

1. The Plaintiffs are being held at the Northwest Detention Center under the custody of Defendant Immigration Customs Enforcement ("ICE").

2. Plaintiffs, who are without any economic or social power, sought to exercise their First Amendment rights of free speech, assembly and petitioning the government about U.S. immigration policies and the conditions of their forced detentions at the Northwest Detention Center.

3. ICE, and its parent agency, Defendant Department of Homeland Security ("DHS") have retaliated against, and acted arbitrarily toward, people detained at the Northwest Detention Center for exercising their right of free speech, right to petition the government, and right to peaceably assemble.

4. ICE and DHS are threatening to retaliate against Plaintiffs for exercising their right of free speech, right to petition the government, and right to peaceably assemble.

# II – JURISDICTION

5. This Court has subject-matter jurisdiction over this matter under 28 U.S.C. § 1331 (federal question) and 28 U.S.C. §§ 2201 and 2202 (declaratory relief).

# III – VENUE

6. Venue is proper in the Western District of Washington under 28 U.S.C. §§ 1391(b) and (e) because a substantial part of the events and omissions giving rise to Plaintiff's claims occurred, and continue occur, in this District.

# IV – PARTIES

COMPLAINT FOR INJUNCTIVE AND DECLARATORY RELIEF

Page 2

Y. Junga Subedar
P.O. Box 2444, Bellingham, WA 98227
Tel: 360-734-0217, Email: whatcomcivilrights@gmail.com

Edward S. Alexander
Law Office of Edward S. Alexander, P.S.
114 W. Magnolia, Ste. 400, Bellingham, WA 98229
Tel: 360-392-2872, Email:Edward@ESALawOffice.com

7. Plaintiff Raquel Martinez Diaz is being held in custody at the Northwest Detention Center in Tacoma, Washington, by ICE.

8. Plaintiff Viacheslav Poliakov is being held in custody at the Northwest Detention Center in Tacoma, Washington, by ICE.

9. Defendant ICE is a federal law enforcement agency within DHS. ICE is responsible for the criminal and civil enforcement of the immigration laws, including detention, incarceration, and removal of immigrants. ICE discharges its responsibility for incarceration of immigrants by (1) promulgating detention standards to be followed in the facilities in which immigrants are being held pending removal hearings, and (2) contracting with the government entities and private corporations that operate detention facilities, including the Northwest Detention Center. Enforcement and Removal Operations ("ERO"), a division of ICE, manages and oversees the immigration detention system. ICE contracts with the GEO Group, Inc., to handle the daily operations for the Northwest Detention Center.

10. Defendant Ronald D. Vitiello is Deputy Director and Acting Director of ICE. As Deputy Director and Acting Director, Defendant Vitiello is responsible for ICE's policies, practices, and procedures, including those relating to the detention of immigrants during their removal procedures.

11. Defendant ICE is the arm of the federal government responsible for the enforcement and administration of immigration laws.

12. Defendant Kirstjen Nielsen is the Secretary and highest ranking member of DHS. As Secretary of DHS, Defendant Nielsen is the Secretary and

COMPLAINT FOR INJUNCTIVE AND
DECLARATORY RELIEF

Page 3

Y. Junga Subedar
P.O. Box 2444, Bellingham, WA 98227
Tel: 360-734-0217, Email: whatcomcivilrights@gmail.com

Edward S. Alexander
Law Office of Edward S. Alexander, P.S.
114 W. Magnolia, Ste. 400, Bellingham, WA 98229
Tel: 360-392-2872, Email:Edward@ESALawOffice.com

highest-ranking member of DHS.  As Secretary of DHS, Defendant Nielsen is responsible for DHS's policies, practices, and procedures and exercises authority and oversight over ICE.

13. Defendant Cynthia Munita is Field Office Director for the Seattle Field Office of ICE.  The Seattle Field Office is responsible for carrying out ICE's immigration detention and removal operations in Alaska, Oregon, and Washington State. As Director, Defendant Munita oversees the Seattle Field Office's functions and implementations of its detention standards.

14. Defendant Bryan Wilcox is the Deputy Field Office Director for the Seattle Field Office of ICE.

15. Defendant William Penaloza is the Assistant Field Office Director for Detention in the Seattle Field Office of ICE.

16. As Field Office Director, Deputy Field Office Director, and Assistant Field Office Director, Defendants Munita, Wilcox, and Penaloza oversee the Seattle Field Office's function and implementation of ICE detention standards at the Northwest Detention Center.

17. Defendants Vitiello, Nielson, Munita, Wilcox, and Penaloza are sued only in their official capacities.

18. In addition to the foregoing ICE agents and officials, unknown named ICE agents and officials are sued herein in their official capacities under fictitious names as Does 1 – 10 because their true names, titles, capacities, and/or degree of responsibility for the acts alleged herein are unknown to Plaintiffs at this time. When Plaintiffs ascertain this information they will amend this Complaint

COMPLAINT FOR INJUNCTIVE AND DECLARATORY RELIEF

Page 4

**Y. Junga Subedar**
P.O. Box 2444, Bellingham, WA 98227
Tel: 360-734-0217, Email: whatcomcivilrights@gmail.com

**Edward S. Alexander**
Law Office of Edward S. Alexander, P.S.
114 W. Magnolia, Ste. 400, Bellingham, WA 98229
Tel: 360-392-2872, Email:Edward@ESALawOffice.com

accordingly.  Does 1 – 10 include but are not limited to, ICE officials and supervisors, and immigration enforcement agents.

## V – FACTS

19. On August 21, 2018, Plaintiff Viacheslav Poliakov went on hunger strike to express his beliefs, and raise awareness regarding inhuman conditions at the Northwest Detention Center ("NWDC") to ask the government to make changes.

20. On August 30, 2018, Plaintiff Raquel Martinez Diaz began hunger striking.

21. By September 2, 2018, there were over 60 people on hunger strike inside the NWDC.  Through hunger striking they sought to raise awareness about conditions in the NWDC, to petition the government to make changes, and to express their beliefs that this country's immigration policies result in injustices upon immigrant families and communities.

22. Upon information and belief, the detainees voluntarily engaged in the hunger strikes and did not force others to join them.

23. The hunger strike was peaceful and did not disrupt the operation of the NWDC.

24. The NWDC guards responded by ordering the hunger strikers not to go on hunger strike and not to tell others to join in the hunger strike.  The guards threatened solitary confinement ("the hole"), isolation, forced feeding, write ups, "freezing" the detainee's court processes, and problems for their

COMPLAINT FOR INJUNCTIVE AND
DECLARATORY RELIEF

Page 5

**Y. Junga Subedar**
P.O. Box 2444, Bellingham, WA 98227
Tel: 360-734-0217, Email: whatcomcivilrights@gmail.com

**Edward S. Alexander**
Law Office of Edward S. Alexander, P.S.
114 W. Magnolia, Ste. 400, Bellingham, WA 98229
Tel: 360-392-2872, Email:Edward@ESALawOffice.com

immigration cases. In the hole, people are locked up alone in a little cell, allowed only three showers a week, and denied access to phone calls, radio, etc.

25. Defendants have a history of retaliating, threatening, bullying, intimidating, and scaring people at NWDC who express their beliefs through hunger strikes, including putting people in isolation.

26. The guards' threats caused the hunger strikers to fear continuing the hunger strike. As a result of the threats, some hunger strikers ended their hunger strikes and started eating.

27. The guards placed some of those who continued the hunger strike almost immediately (and others shortly afterward) into isolation and solitary confinement for 30 days, sent others to different units where they could not see or communicate with each other about the hunger strike, and the guards threatened others on hunger strike (including Plaintiffs).

28. On September 7, 2018, several hunger strikers were sentenced to 30 days in the hole. The written justification ("prohibited act") Defendants gave for the sentence (of at least one the hunger strikers on September 7) was "Engage/incite group demon."

29. The guards threatened Plaintiff Martinez Diaz with write ups (problems for her immigration case) and forced feeding.

30. The guards threatened Plaintiff Poliakov with force feeding. The guards have put Plaintiff Poliakov in solitary confinement, and are keeping him isolated, denying him access to the library, church, and (on at least one occasion) legal counsel.

COMPLAINT FOR INJUNCTIVE AND DECLARATORY RELIEF

Page 6

**Y. Junga Subedar**
P.O. Box 2444, Bellingham, WA 98227
Tel: 360-734-0217, Email: whatcomcivilrights@gmail.com

**Edward S. Alexander**
Law Office of Edward S. Alexander, P.S.
114 W. Magnolia, Ste. 400, Bellingham, WA 98229
Tel: 360-392-2872, Email:Edward@ESALawOffice.com

31. The threats, retaliation, bullying, intimidation, putting people in isolation, and segregating people discourages them from continuing with the hunger strike and discourages and prevents other detainees from joining the hunger strike, and in fact has led to people ending their hunger strike.

32. ICE's policy on hunger strikes does not permit NWDC to place hunger striking detainees in solitary confinement for engaging in hunger strikes.

## VII – FIRST CAUSE OF ACTION: VIOLATION OF FREEDOM OF EXPRESSION

33. Plaintiffs incorporate Paragraphs 1 – 32 (above) herein by reference.

34. The First Amendment guarantees Plaintiffs the right of freedom of speech and freedom of expression.  Plaintiffs exercised their right to these protected freedoms by engaging in a hunger strike to express their views about national immigration policies and how detainees were being treated at the NWDC.

35. Defendants violated Plaintiffs' right of freedom of speech and freedom of expression by threatening force feeding, threatening solitary confinement, segregating hunger strikers, and threatening write ups, all in retaliation for their free speech activities.

36. Defendants violated Plaintiff Poliakov's right of freedom of speech by putting him into solitary confinement (and taking away "privileges") in retaliation for his free speech activities.

37. Force feeding Plaintiffs would violate Plaintiffs' right of freedom of speech and freedom of expression.

COMPLAINT FOR INJUNCTIVE AND DECLARATORY RELIEF

Page 7

Y. Junga Subedar
P.O. Box 2444, Bellingham, WA 98227
Tel: 360-734-0217, Email: whatcomcivilrights@gmail.com

Edward S. Alexander
Law Office of Edward S. Alexander, P.S.
114 W. Magnolia, Ste. 400, Bellingham, WA 98229
Tel: 360-392-2872, Email:Edward@ESALawOffice.com

38. Defendants actions chilled Plaintiffs' right to freedom of speech and expression.

39. Defendants actions did not reasonably advance a legitimate institutional goal.

40. Plaintiffs have suffered, and continue to suffer, irreparable injuries as a result of Defendants' policies, practices, and omissions and are entitled to injunctive relief to avoid further injury.

### VIII – SECOND CAUSE OF ACTION: VIOLATION OF RIGHT TO PETITION THE GOVERNMENT FOR REDRESS OF GRIEVANCES

41. Plaintiffs incorporate Paragraphs 1 – 40 (above) herein by reference.

42. The First Amendment guarantees Plaintiffs the right to petition the government for redress of grievances.

43. Defendants violated Plaintiffs' right to petition the government by threatening force feeding, threatening solitary confinement, segregating hunger strikers, and threatening write ups, all in retaliation for their attempts to bring their grievances to light.

44. Defendants threats and actions chilled Plaintiffs' right to freedom of speech and expression.

45. Defendants actions did not reasonably advance a legitimate institutional goal.

46. Plaintiffs have suffered and continue to suffer irreparable injuries as a result of Defendants' policies, practices, and omissions, and are entitled to injunctive relief to avoid further injury.

COMPLAINT FOR INJUNCTIVE AND DECLARATORY RELIEF

Page 8

Y. Junga Subedar
P.O. Box 2444, Bellingham, WA 98227
Tel: 360-734-0217, Email: whatcomcivilrights@gmail.com

Edward S. Alexander
Law Office of Edward S. Alexander, P.S.
114 W. Magnolia, Ste. 400, Bellingham, WA 98229
Tel: 360-392-2872, Email:Edward@ESALawOffice.com

# IV – THIRD CAUSE OF ACTION: VIOLATION OF RIGHT TO PEACEABLY ASSEMBLE

47. Plaintiffs incorporate Paragraphs 1 – 46 (above) herein by reference.

42. The First Amendment guarantees Plaintiffs the right to peaceably assemble.

43. Defendants violated Plaintiffs' right to peaceably assemble by threatening force feeding, threatening solitary confinement, segregating hunger strikers, and threatening write ups, all in retaliation for their attempts to bring their grievances to light.

44. Defendants threats and actions chilled Plaintiffs' right to peaceably assemble.

45. Defendants actions did not reasonably advance a legitimate institutional goal.

46. Plaintiffs have suffered and continue to suffer irreparable injuries as a result of Defendants' policies, practices, and omissions and are entitled to injunctive relief to avoid further injury.

## PRAYER FOR RELIEF

WHEREFORE Plaintiffs request that the Court:

1. Issue a temporary restraining order and preliminary relief enjoining defendants from force feeding Plaintiffs (as long as they have capacity to give or withhold consent);

2. Issue a temporary restraining order and preliminary relief enjoining the Defendants, their subordinates, agents, employees, and all other acting in concert with them from threating adverse action (including segregation,

COMPLAINT FOR INJUNCTIVE AND DECLARATORY RELIEF

Page 9

Y. Junga Subedar
P.O. Box 2444, Bellingham, WA 98227
Tel: 360-734-0217, Email: whatcomcivilrights@gmail.com

Edward S. Alexander
Law Office of Edward S. Alexander, P.S.
114 W. Magnolia, Ste. 400, Bellingham, WA 98229
Tel: 360-392-2872, Email:Edward@ESALawOffice.com

isolation, and separation) based upon Plaintiffs or other hunger strikers, or others similarly situated engaging in protected First Amendment activities including hunger striking;

    3. Issue a temporary restraining order and preliminary relief enjoining the Defendants, their subordinates, agents, employees, and all others acting in concert with them from incarcerating the Plaintiffs, other hungers strikers and those similarly situated in administrative segregation, solitary confinement or isolation (and taking other adverse actions) based upon the Plaintiffs engaging in First Amendment Activities, and specifically including engaging in a hunger strike;

    4. Issue a permanent injunction prohibiting Defendants, their subordinates, agents, employees, and all others acting in concert with them from taking adverse action actions (including forced feeding, segregation, separation, and isolation) against Plaintiffs, hunger strikers, and those similarly situated, based upon Plaintiffs engaging in First Amendment Activities, specifically including hunger striking;

    5. Issue an order declaring the rights and obligations of the parties; and

    6. Grant such further relief as the Court deems just and proper.

///

COMPLAINT FOR INJUNCTIVE AND DECLARATORY RELIEF

Page 10

**Y. Junga Subedar**
P.O. Box 2444, Bellingham, WA 98227
Tel: 360-734-0217, Email: whatcomcivilrights@gmail.com

**Edward S. Alexander**
Law Office of Edward S. Alexander, P.S.
114 W. Magnolia, Ste. 400, Bellingham, WA 98229
Tel: 360-392-2872, Email:Edward@ESALawOffice.com

Dated this 13th day of September, 2018.

**Y. Junga Subedar**
Attorney for Plaintiff Viacheslav Poliakov

By:  */s/ Y. Junga Subedar*
Y. Junga Subedar, WSBA No. 35147
whatcomcivilrights@gmail.com
P.O. Box 2444
Bellingham, WA 98227
360-734-0217

AND

**Law Office of Edward S. Alexander, P.S.**
Attorney for Plaintiff Raquel Martinez Diaz

By:  */s/ Edward S. Alexander*
Edward S. Alexander, WSBA No. 33818
Edward@ESALawoffice.com
114 W. Magnolia Street, Suite 400
Bellingham, WA 98225
360-392-2872

COMPLAINT FOR INJUNCTIVE AND DECLARATORY RELIEF

Page 11

Y. Junga Subedar
P.O. Box 2444, Bellingham, WA 98227
Tel: 360-734-0217, Email: whatcomcivilrights@gmail.com

Edward S. Alexander
Law Office of Edward S. Alexander, P.S.
114 W. Magnolia, Ste. 400, Bellingham, WA 98229
Tel: 360-392-2872, Email:Edward@ESALawOffice.com