UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| RAQUEL MARTINEZ DIAZ and VIACHESLAV POLIAKOV,<br><br>Plaintiffs,<br>v.<br><br>RONALD D. VITIELLO, et al.,<br><br>Defendants. | CASE NO. C18-1356 BHS-TLF<br><br>ORDER DENYING PLAINTIFFS' MOTION FOR A TEMPORARY RESTRAINING ORDER AND REFERRING MATTER |

This matter comes before the Court on Plaintiff Raquel Martinez Diaz and Viacheslav Poliakov's ("Plaintiffs") motion for a temporary restraining order ("TRO"). Dkt. 4.

On September 13, 2018, Plaintiffs filed a complaint against Defendants United States Immigration and Customs Enforcement ("ICE"); Ronald Vitiello in his official capacity; United States Department of Homeland Security; Kirstjen Nielsen in her official capacity; Cynthina Munita in her official capacity; Bryan Wilcox in his official capacity; and William Penaloza in his official capacity (the "Federal Defendants") asserting causes of action for violations of their First Amendment rights. Dkt. 1.

Plaintiffs also filed a motion for a TRO and evidence in support of the motion. Dkts. 4, 6–11. Plaintiffs request that the Federal Defendants be enjoined from

    a. Threatening to force feed Raquel Martinez Diaz, Viacheslav Poliakov or other hunger strikers;
    b. Threatening to take adverse action of any kind (including disciplinary segregation, administrative segregation, or medical isolation) against Raquel Martinez Diaz, Viacheslav Poliakov or other hunger strikers because they are hunger striking or encouraging others to hunger strike;
    c. Threatening to move Raquel Martinez Diaz, Viacheslav Poliakov, or other hunger strikers to another unit or detention facility (e.g. Northern Oregon Regional Correctional Facility, NORCOR) because they are hunger striking or encouraging others to hunger strike;
    d. Force feeding Raquel Martinez Diaz, Viacheslav Poliakov, or other hunger strikers as long as they (1) have the capacity to refuse numerous defendants asserting that their constitutional rights are consent, and (2) refuse consent (to be extra clear: this order does not restrain Defendants from feeding hunger strikers who do not have the capacity to refuse or grant consent);
    e. Taking adverse action of any kind (including disciplinary segregation, administrative segregation, or medical isolation) against Raquel Martinez Diaz, Viacheslav Poliakov, or other hunger strikers because they are hunger striking or encouraging others to hunger strike; and
    f. Moving Raquel Martinez Diaz, Viacheslav Poliakov, or other hunger strikers to another unit or detention facility because they are hunger striking or encouraging others to hunger strike.

Dkt. 4-1 at 5–6. Both Plaintiffs submitted a declaration in support of their motion. Dkts. 6, 9.

That same day, the Court withdrew the reference to Magistrate Judge Fricke, requested a response from the Federal Defendants, and set a hearing. Dkt. 13.

On September 17, 2018, the Federal Defendants responded and submitted evidence in support of their response. Dkts. 21–24-1.[1] The Federal Defendants argue

---

[1] The Court will ignore the Federal Defendants' first response and will only consider the response attached to the praecipe.

that they are entitled to sovereign immunity or, in the alternative, Plaintiffs' motion fails on the merits. Dkt. 24-1. After reviewing the response, and the Court agreeing with the Federal Defendants on both issues, the hearing was stricken. On September 19, 2018, Plaintiffs filed a supplemental memorandum stating that, after an encounter with a guard, Ms. Diaz ended her hunger strike. Dkt. 25. Plaintiffs assert that Ms. Diaz would like to engage in a hunger strike in the future, free from retaliation. *Id*.

First, the Court notes that Plaintiffs may only seek relief on behalf of themselves. To the extent Plaintiffs seek relief on behalf of other "hunger strikers," the Court **DENIES** the motion. *See United States v. AMC Entertainment, Inc.*, 549 F.3d 760, 768 (9th Cir. 2008) ("A trial court abuses its discretion by fashioning an injunction which is overly broad.").

Second, the Federal Defendants have submitted evidence that the Northwest Detention Center ("NWDC"), where Plaintffs are detained, is operated by an independent contractor, GEO Group, Inc. ("GEO"). Dkt. 22, Declaration of Drew H. Bostock ("Bostock Dec."), ¶ 4. "GEO provides the facility, management, personnel and services for 24-hour supervision of immigrant detainees in ICE custody at the NWDC." *Id*. Thus, Plaintiffs have failed to show that the Federal Defendants have waived sovereign immunity for their constitutional claims. More importantly, "the federal government is not liable for torts committed by its contractors." *United States v. Daniel, Mann, Johnson & Mendenhall*, 355 F.3d 1140, 1146 (9th Cir. 2004). By logical extension of this statutory mandate, the federal government also "cannot be held vicariously liable for the negligence of an employee of an independent contractor." *Yanez v. United States*, 63

F.3d 870, 872 (9th Cir. 1995). Therefore, the Court concludes, as asserted, that the Federal Defendants are entitled to sovereign immunity and **DENIES** Plaintiffs' motion.

Third, even if sovereign immunity does not apply, Plaintiffs fail to meet their burden for extraordinary preliminary relief. Plaintiffs have not shown a likelihood of success on the merits. *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008) (plaintiff "must establish that he is likely to succeed on the merits"). "[A]bsent exceptional circumstances prison officials may force-feed a starving inmate actually facing the risk of death." *Aamer v. Obama*, 742 F.3d 1023, 1041 (D.C. Cir. 2014). While Plaintiffs may ultimately show that some threats were unnecessary and constitute unlawful retaliation, the evidence on record does not show that any Federal Defendant made any unwarranted threat. Similarly, the Federal Defendants have submitted evidence of a legitimate penalogical reason for moving Mr. Poliakov to a separate unit for medical monitoring because of his hunger strike. Bostock Dec., ¶¶ 18–24.[2] In light of this evidence, Plaintiffs have failed to show a likelihood of success on the merits of their claim. Therefore, even if the Federal Defendants were subject to liability, Plaintiffs have failed to meet their burden on these issues.

Regarding the remaining three factors under the *Winter* test, Plaintiffs have failed to show that any factor is implicated against Federal Defendants. The Court is not concluding that Plaintiffs will not suffer irreparable harm or that the public does not have an interest in the safety of inmates. The Court is simply concluding that it is difficult, if

---

[2] Diaz fails to allege any unlawful segregation. *See* Dkt. 6, Declaration of Raquel Martinez Diaz.

not impossible, to weight these factors when Plaintiffs seek relief against officials that have no personal participation in the alleged harms.

In sum, the Court **DENIES** Plaintiffs' motion for the reason stated herein and refers the matter to Magistrate Judge Fricke for further proceedings.

**IT IS SO ORDERED**.

Dated this 19th day of September, 2018.

BENJAMIN H. SETTLE
United States District Judge